Filed 5/17/22  P. v. Gonzales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY DANIEL GONZALES,<br><br>    Defendant and Appellant. | F080029<br><br>(Super. Ct. No. F18902486)<br><br>**OPINION** |

---

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Kelly E. LeBel and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]    Before Detjen, Acting P. J., Peña, J. and DeSantos, J.

-ooOoo-

On February 17, 2019, defendant Anthony Daniel Gonzales, was found guilty of 16 separate counts involving three different victims. In this appeal, defendant challenges the sentences imposed for two of these counts. Initially, defendant only questioned whether the charging document provided adequate notice that a conviction of count 1 could lead to a sentence of life without the possibility of parole. After this case was fully briefed, defendant was given permission to file a supplemental brief on whether he is entitled to be resentenced following the passage of Senate Bill No. 567 (Reg. Sess. 2021−2022) (Senate Bill 567), resulting in the amendment of Penal Code section 1170.[1] While we conclude defendant's conviction and sentence for the crime charged in count 1 was appropriate, we remand this matter for the trial court to resentence defendant because the sentence imposed for his conviction in count 6 violates the newly amended section 1170.

## PROCEDURAL SUMMARY

On November 9, 2018, a consolidated information was filed charging defendant with one count of forcible rape of a child under the age of 14 (§ 261, subd. (a)(2); count 1), 11 counts of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a); counts 2–5, and 7–13), child abuse (§ 273a, subd. (a); count 6), corporal injury to a spouse or former spouse (§ 273.5, subd. (a); count 14), false imprisonment by violence (§ 236; count 15), corporal injury to a child (§ 273d, subd. (a); count 16), two counts of misdemeanor child abuse (§ 273a, subd. (b); counts 17 & 18), misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 19), and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364; count 20).

---

[1] All further statutory references are to the Penal Code, unless otherwise specified.

Count 1 contained a special allegation that defendant committed an act specified in section 667.61, subdivision (c) against multiple victims (§ 667.61, subd. (e)(4)), and administered a controlled substance to the victim, who was under the age of 14, during the commission of the offense in violation of section 12022.75 (§ 667.61, subd. (e)(6)). Attached to counts 2 through 5 and 7 through 13 each, were special allegations citing section 667.61, subdivisions (e) and (j)(2), and alleging the victim was a child under the age of 14, and that there were multiple victims.

Eight of these counts alleged crimes committed against P.G., while another eight involved crimes committed against M.G., who were both defendant's daughters. The victim in two of the counts was defendant's spouse or former spouse. The final two counts involved drug offenses with no separate victims.

Before the case was submitted to the jury, counts 4 and 5 were dismissed. The jury returned verdicts of guilt on 16 of the 18 counts submitted to them. The jury found defendant not guilty of the offenses charged in counts 9 and 16. With respect to count 14, the jury found defendant guilty of the lesser included misdemeanor offense of spousal battery (§ 243, subd. (e)(1)). The jury found true special allegations attached to most of the counts, including the special allegation attached to count 1 that defendant administered a controlled substance to P.G., and committed sex crimes against multiple victims.

The trial court imposed an aggregate indeterminate prison term of 413 years four months to life, as follows:

1.    Count 1 − life without the possibility of parole;

2.    Counts 2, 3, 7, 8, and 10–13 − 50 years to life for each count (25 years to life, doubled), consecutive;

3.    Count 6 − 12 years (upper term of six years doubled), consecutive; and

4.      Count 15 − 16 months (one-third the middle term), consecutive.[2]

## FACTUAL SUMMARY

The convictions for the crimes committed in counts 1 and 6 are at the center of the issues raised in this appeal. Both counts involve crimes committed against P.G.

After living in several homes, with various family members, P.G. and her sister lived in an apartment with defendant, who was their father, from October 2016 to May 2017. P.G., who was approximately 11 years old when she lived with defendant, testified that initially things were good at the apartment, until defendant started using drugs. The drug use involved smoking what looked like white crystals with a device made of glass. Sometime after his drug use started, defendant began to sexually abuse P.G. P.G. testified that on more than 10 occasions while they lived in the apartment, defendant removed her clothes and used force when putting his private part into her private part. On one of these occasions, defendant used a needle to inject P.G. with some type of liquid before he put his private part into her private part. The injection caused P.G. to feel terrible and to have difficulty breathing.

In a recorded interview that was admitted into evidence at trial, P.G. described an incident when she was 11 years old, while she was sitting on defendant's bed watching television. Without warning, defendant punched her on the side of her face. This punch left her with a swollen black eye, that stayed swollen for approximately one week.

**The Defense**

Defendant testified on his own behalf.[3] Defendant stated he never hit any of his children. Defendant also never encouraged either of his daughters to use drugs, and he

---

[2]     This sentence reflects only the felony convictions. The trial court awarded credit for time served for the five misdemeanor convictions.

[3]     Again, this summary of the evidence presented for the defense will focus on those facts related to the issues raised in this appeal.

never injected drugs into either daughter. Defendant stated his belief the girls lied often, many times to people at school about being hit.

A court investigator with the Fresno County Superior Court testified that in June 2017 she interviewed P.G. and her sister M.G. to determine placement options. Neither girl complained during the interview that they had ever been sexually abused by their father. Two teachers testified that they never observed evidence of abuse while P.G. was in their classes. Several of defendant's family members also testified that they never witnessed any physical or sexual abuse by defendant directed at his daughters. A clinical social worker testified he administered a personality test to defendant and concluded he did not have a diagnosable sexual deviance.

## DISCUSSION

Defendant has not challenged the sufficiency of the evidence supporting any of the findings of guilt. Originally, defendant only challenged his sentence for count 1 of life without the possibility of parole, arguing the allegations in the consolidated information did not provide adequate notice that such a severe punishment was possible. Following the passage of Senate Bill 567, defendant now also challenges the sentence he received for count 6, arguing it violates the requirements of the newly amended section 1170.

## I.     The Sentence for Count 1

Defendant contends the sentence for count 1 of life without the possibility of parole should be modified because the prosecution elected to proceed under section 667.61, subdivision (a), that designates a sentence of 25 years to life, rather than proceeding under subdivision (j)(1), that designates a sentence of life without the possibility of parole. Defendant believes the imposition of this "unauthorized" sentence not only violates the language of the statute, but also results in a violation of his constitutional right to due process because the charging document did not provide adequate notice he might be subject to the harsher penalty.

5.

## A.  The Current Status of the Law Surrounding Section 667.61

Referred to as the "One Strike Law," section 667.61 sets forth a system of escalating or harsher indeterminate sentences depending on how enumerated sex crimes are committed.  These factors could include the number of victims involved, or the age of a particular victim.  (See § 667.61, subds. (d) and (e).)  To make these punishments available to a sentencing court, the statute itself requires that any circumstances justifying these harsher penalties be "alleged in the accusatory pleading" and either be "admitted by the defendant in open court or found to be true by the trier of fact."  (§ 667.61, subd. (o).)  In addition to these statutory requirements, a defendant also has a "cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for" the crime.  (*People v. Mancebo* (2002) 27 Cal.4th 735, 747 (*Mancebo*).)

Defendant relies on the case of *People v. Jimenez* (2019) 35 Cal.App.5th 373, to argue his constitutional right to due process was violated because the consolidated information filed only cited to section 667.61, subdivision (a), referencing a possible sentence of 25 years to life if he was found guilty of count 1.  However, the way the case was pled in *Jimenez* differs from the way the case was pled here.

The *Jimenez* court held the information only alerted the defendant to the possibility he could be sentenced to a term of 15 years to life under section 667.61, subdivisions (b) and (e).  (*People v. Jimenez, supra*, 35 Cal.App.5th at p. 397.)  Even though the information contained allegations the offenses were committed against multiple victims, the information did not put him on notice he could be sentenced to terms of 25 years to life under section 667.61, subdivision (j)(2), because there was no additional allegation that at least one of those victims was under the age of 14.  (*Ibid*.)

Two cases that appear to reject *Jimenez* are currently pending with the Supreme Court.  The first of those cases, *In re Vaquera* (2019) 39 Cal.App.5th 233, addressed the question of whether the failure to reference section 667.61, subdivision (j)(2), in the

6.

information, prevented the court from imposing the harsher penalty of 25 years to life. The *Vaquera* court noted the information alleged section 667.61, subdivision (b), along with allegations that multiple victims were involved, and the victims were under the age of 14. (*Vaquera*, at pp. 235–236.) The *Vaquera* court concluded these additional allegations provided adequate notice and defendant was not prejudiced. (*Id*. at pp. 240–241.)

The second case pending with the Supreme Court is *People v. Zaldana* (2019) 43 Cal.App.5th 527. In *Zaldana,* the court similarly considered a charging document that referenced section 667.61, subdivision (b). The *Zaldana* court concluded the reference to section 667.61, subdivision (b) did not result in deficient notice of the harsher penalty available under section 667.61, subdivision (j)(2), because that latter subdivision is referenced in subdivision (b). (*Zaldana*, at p. 535.) However, the court also noted that because the charging document alleged both victims were under the age of 14, there was no doubt the defendant was on notice he could be subject to section 667.61, subdivision (j)(2). (*Zaldana*, at p. 53.)

Recently, the Supreme Court issued an opinion in *People v. Tirado* (2022) 12 Cal.5th 688, 698, holding a defendant has the " ' "right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." ' " Furthermore, unless the Legislature has provided otherwise, the " 'accusatory pleading need not specify by number the statute under which the accused is being charged.' " (*Ibid*.)

The common theme in *Jimenez*, *Vaquera*, *Zaldana*, and now *Tirado*, instructs us that we must view the charging document in a case carefully to determine whether it provides a defendant with adequate notice that a harsher penalty is potentially available under section 667.61. What is important is the substance of the allegations, not the technical references to relevant subdivisions of the "One Strike Law." We conclude our

focus must be on the entire charging document, including the facts alleged, rather than on whether specific subdivisions were cited.

### B.   The Language of Section 667.61 at Issue Here

Section 667.61, subdivision (a) provides:

> "*Except as provided in subdivision (j)*, (l), or (m), a person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 25 years to life." (Emphasis added.)

Subdivision (j)(1) of section 667.61, which is referenced in subdivision (a) states in relevant part:

> "A person who is convicted of an offense specified in subdivision (c), with the exception of a violation of subdivision (a) of Section 288, *upon a victim who is a child under 14 years of age* under one or more of the circumstances specified in subdivision (d) or *under two or more of the circumstances specified in subdivision (e)*, shall be punished by imprisonment in the state prison for life without the possibility of parole." (Emphasis added.)

Furthermore, section 667.61, subdivision (f) provides in relevant part:

> "If only the minimum number of circumstances specified in subdivision (d) or (e) that are required for the punishment provided in subdivision (a), (b), (j), (l), or (m) to apply have been pled and proved, that circumstance or those circumstances *shall* be used as the basis for imposing the term provided in subdivision (a), (b), (j), (l), or (m) whichever is greater, rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty or the punishment under another law can be imposed in addition to the punishment provided by this section." (Emphasis added.)

When engaging in statutory interpretation, our fundamental concern is to determine legislative intent. (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724.) We make this determination about intent by looking to the words of the statute, " 'giving them their usual and ordinary meaning.' " (*People v. Stewart* (2004) 119

8.

Cal.App.4th 163, 171.) We are also required to consider the statutory language in the context of the entire statute. (*Mancebo*, *supra*, 27 Cal.4th at p. 743.)

## C. Application

In count 1, defendant was charged using the following language:

"On or about August 9, 2016 through May 14, 2017, in the above named judicial district, the crime of FORCIBLE RAPE-CHILD VICTIM UNDER 14 YEARS, in violation of PENAL CODE SECTION 261(a)(2), a felony, was committed by [defendant], who did unlawfully have and accomplish an act of sexual intercourse with a person, to wit, [P.G.], not his/her spouse, against said person's will, by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury on said person and another. [¶] … [¶]

"It is further alleged, within the meaning of Penal Code section 667.61(a), as to defendant(s) … in Counts 1 that the following circumstances apply: The defendant committed an[] act specified in Penal Code Section 667.61(c) against multiple victims [667.61(e)(4)] and administered a controlled substance to [P.G.] during the commission of the offense in violation of Penal Code § 12022.75 on the victim who was under 14 years of age [667.61 (e)(6)]."

Citing *Mancebo*, *supra*, 27 Cal.4th at p. 749, defendant argues the prosecution made a discretionary charging decision when pleading the "One Strike" allegation supporting a sentence of 25 years to life, without specifically invoking the exception to section 667.61, subdivision (a) found in subdivision (j)(1). However, we believe *Mancebo* is distinguishable because unlike this case, the charging document in *Mancebo* lacked an allegation that multiple victims had been involved. (*Mancebo*, at p. 745.)

We reject defendant's contention the information offered no notice that a sentence of life without the possibility of parole on count 1 was available. The language used in count 1 gave defendant adequate notice he could be sentenced to life without the possibility of parole if he was convicted of the crime as alleged. Defendant was charged with committing a forcible rape. This is a crime listed in subdivision (c) of section 667.61, qualifying defendant for the initial sentence of 25 years to life. (§ 667.61,

9.

subds. (a) and (c)(1).) However, the allegations in count 1 further provided defendant committed this crime against a "child victim" under the age of 14. This language specifically ties the crime to section 667.61, subdivision (j), which states that a conviction for this specific crime will make a defendant eligible for a sentence of life without the possibility of parole if additional findings are made. Two additional allegations in the consolidated information stated defendant's actions involved multiple victims (§ 667.61, subd. (e)(4)), and that he administered a controlled substance to the victim while committing the offense specified in subdivision (c) (§ 667.61, subd. (e)(6)). All these allegations, combined in count 1, gave defendant adequate notice that the more severe penalty specified in section 667.61, subdivision (j) was triggered.[4]

Based on the actual allegations made in the consolidated information, there was no need to make a specific reference to subdivision (j) in count 1 to satisfy defendant's right to due process and fair notice. (See *People v. Tirado*, *supra*, 12 Cal.5th at p. 698.) We also cannot conclude any potential variance between the consolidated information and the sentence defendant actually received offended due process or caused defendant to be misled to his prejudice in presenting a defense. (See *People v. Wilford* (2017) 12 Cal.App.5th 827, 837.)

## II.  The Impact of Senate Bill 567 on the Need to Reconsider Defendant's Sentence for Count 6

At the time defendant was sentenced, section 1170 provided that the choice between the lower, middle, and upper term "shall rest within the sound discretion of the court," with the court to determine which term "best serves the interests of justice." On January 1, 2022, amendments to section 1170 made by Senate Bill 567, went into effect. Defendant now believes his sentence must be reconsidered.

---

**4**  We do not reach any conclusion on whether the language of section 667.61, subdivision (a), listing subdivision (j) as an exception, is enough on its own.

Of most relevance here is the fact that the changes made to section 1170 through Senate Bill 567, make the middle term the presumptive term. A trial court may now only impose an upper term when circumstances in aggravation exist, and the facts underlying the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury or the court acting as the factfinder. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) The trial judge may, however, rely on certified records of a defendant's prior convictions when considering these enhancements to a sentence without submitting the issue of a prior conviction to a jury. (§ 1170, subd. (b)(3).)

When sentencing defendant in this case, the trial court imposed the upper term of six years for count 6 (child abuse), then doubled that term because of a prior conviction under section 667, subdivision (e)(1), for a "strike" offense. The court also specified the sentence for count 6 would be served consecutively. When imposing the sentence for count 6, the trial court did not specify the reasons for the aggravated term.[5] We cannot be certain the trial court relied on an aggravating factor allowed under section 1170, as it now exists, when the sentence for count 6 was imposed.

In a supplemental brief, the Attorney General concedes the changes made to section 1170 apply retroactively to defendant and require this case to be remanded for resentencing. We agree defendant is entitled to a reconsideration of his sentence because his appeal was not yet final when the changes to section 1170 went into effect. (*In re Estrada* (1965) 63 Cal.2d 740.) Thus, we vacate the prior sentence and remand for resentencing.

---

[5] The trial court did list several aggravating factors before sentencing defendant. These factors were not, however, specifically tied to any particular count.

## DISPOSITION

Defendant's sentence is vacated, and this case is remanded for resentencing. Following resentencing, the trial court shall forward an amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.